UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
COLONEL MAURICE MAYNARD MEYERS,

                    Plaintiff,

          -against-

HEALTH & HOSPITAL CORPORATION,
DR. NARASIMHAN L. NARASIMHAN, and
DR. RICHARD KINYAMU, *Acting Director of
Adult Inpatient Services*

                    Defendants.
--------------------------------------------------------X

**AMON, Chief United States District Judge.**

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-1258 (CBA) (LB)

          Plaintiff Colonel Maurice Meyers ("Colonel Meyers"), proceeding pro se, brings this ac-

tion pursuant to 42 U.S.C. § 1983, alleging that defendants forcibly administered anti-psychotic

drugs over his objections and in violation of his substantive due process rights. Defendants

moved to dismiss Colonel Meyers's complaint, and this Court referred defendants' motion to

Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). On March 28, 2014,

Magistrate Judge Bloom issued an R&R recommending that this Court convert defendants' mo-

tion to dismiss to a motion for summary judgment and grant the motion for summary judgment.

The parties were provided 14 days from service of the R&R to file any objections. On April 22,

2014, Colonel Meyers filed the first of several untimely letters in response to the R&R

          When deciding whether to adopt a report and recommendation, a district court "may ac-

cept, reject, or modify, in whole or in part, the findings or recommendations made by the magis-

trate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely

objection has been made, "a district court need only satisfy itself that there is no clear error on

the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y.

1

2011) (internal quotation marks and citation omitted). However, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" under the federal rules. Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) ("[T]o the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." (internal quotation marks and alterations omitted)). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Colonel Meyers's submissions, even if considered timely and liberally construed, likely do not require de novo review of the R&R. Nevertheless, in an abundance of caution the Court has conducted a de novo review of the record and motions and adopts Magistrate Judge Bloom's recommendation under that more stringent standard. The Clerk of Court is directed to terminate all pending motions, enter judgment accordingly, and close the case.

SO ORDERED.

Dated: August 14, 2014
      Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

2